UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEDIA FORCE LTD.,

        Claimant,

  v.

PRECISE LEADS, INC.,

        Respondent.

Civil Action No. 1:20-cv-4050

**CLAIMANT MEDIA FORCE LTD.'S MEMORANDUM OF LAW IN SUPPORT OF ITS
PETITION TO CONFIRM AN ARBITRATOR'S AWARD**

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ...................................................................................... 1

II. FACTS ............................................................................................................................ 1

    A. The Parties ......................................................................................................... 2
    B. The Parties' Agreement ..................................................................................... 2

III. ARGUMENT .................................................................................................................. 3

    A. The Award Must be Confirmed Because it is Supported by a Colorable Basis ...... 4
    B. The Court Should Award Pre-Judgment Interest on the Award ............................ 5

IV. CONCLUSION ............................................................................................................... 6

## TABLE OF AUTHORITIES

Page(s)

Cases

*1199SEIU United Healthcare Workers East v. South Bronx Mental Health Council, Inc.*,
  2014 U.S. Dist. LEXIS 29279 (S.D.N.Y. Feb. 14, 2014) ..................................................... 5, 6

*Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Employees Int'l Union*,
  954 F.2d 794 (2d Cir. 1992) ..................................................................................................... 5

*LGC Holdings, Inc. v. Julius Klein Diamonds, LLC*,
  238 F. Supp. 3d 452 (S.D.N.Y. Feb. 28, 2017) ........................................................................ 4

*Ono Pharm. Co. v. Cortech, Inc.*,
  2003 U.S. Dist. LEXIS 19556 (S.D.N.Y. Nov. 3, 2003) .......................................................... 4

*ReliaStar Life Ins. Co. of N.Y. v. EMC Nat. Life Co.*,
  564 F.3d 81 (2d Cir. 2009) ....................................................................................................... 5

*Waterside Ocean Navigation Co. v. Int'l Navigation, Ltd.*,
  737 F.2d 150 (2d Cir. 1984) ..................................................................................................... 6

Rules

N.Y. C.P.L.R. §§ 5001-5004 .......................................................................................................... 4, 8

Claimant Media Force Ltd. ("Media Force" or "Claimant") respectfully submits this memorandum of law in support of its petition for an order and judgment pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9 (2012), confirming and enforcing the award of Arbitrator William H. Crosby dated May 6, 2020 (the "Award") in favor of Media Force in the amount of $352,495.38.

## I. PRELIMINARY STATEMENT

This Court has the authority to confirm the Award rendered pursuant to the arbitration provision in the parties' binding agreement. The Court should confirm the Award, issue a judgment, and direct Precise Leads, Inc. ("Precise" or "Respondent") to pay the total amount awarded, $352,495.38, with post-award, pre-judgment interest computed at the appropriate rates specified in N.Y. C.P.L.R. §§ 5001-5004 and grant such other and further legal and equitable relief as this Court may deem just and proper.

## II. FACTS

Media Force brought an arbitration claim (the "Arbitration") on July 9, 2019 to remedy Precise's nonpayment of $332,418.42 in outstanding invoices, in violation of the governing Precise Leads Affiliate Agreement (the "Agreement", *See* Exhibit 2). Upon Precise's failure to pay the invoices that Media Force regularly and accurately issued, Media Force persistently tried to resolve the Precise's nonpayment without resort to arbitration. Precise was slow to respond to Media Force's continued outreach. When Precise finally suggested a modified payment plan it claimed it could abide by, it then ceased all communications. Precise failed to make any payment whatsoever. Despite Media Force's initiation of this action to recover the $332,418.52, Precise never responded or appeared in any capacity during the arbitral process. Nevertheless, per the rules governing the International Centre for Dispute Resolution (the "ICDR"), a branch of the American Arbitration

Association (the "AAA"), Media Force submitted full briefing on the merits. Based on the strength of Media Force's briefing, the arbitrator issued a final award of $352,495.38 in Media Force's favor, awarding $332,418.42 to remedy the breach of contract, $13,904.46 in attorneys' fees and costs, and $6,172.50 in reimbursement of administrative fees and expenses, exclusive of the 9% interest due and owing starting thirty-one days from the date of the Award, May 6, 2020, until the Award is satisfied. (*See* Exhibit 1.)

The underlying facts are simple and undisputed. Media Force and Precise are parties to the valid, binding Agreement. Media Force performed according to the Agreement. Precise breached the Agreement when it failed to pay Media Force $332,418.42 in outstanding invoices for services Media Force satisfactorily rendered between March 2018 through March 2019.

### A. The Parties

Media Force is an Israeli corporation that provides ad-technology and product expertise in operating a private media bidding platform capable of massive scale, reach and speed. Media Force has over ten years of experience and a proprietary algorithm to buy media opportunities, particularly focusing on the insurance, financial, and home services sectors. Media Force works with some of the top publishers around the world, including Facebook, Google, CNN, and AOL.

Precise Leads is a New York corporation which, according to its website, purports to provide leads to its network of insurance agents and other advertisers.

### B. The Parties' Agreement

Beginning on or around October 23, 2013, the parties entered into the Agreement, which is on Precise's letterhead, and follows its standard affiliate agreement structure. The Agreement requires Precise to provide "sales leads, phone calls, call transfers, products and services for brokers, agents and carriers ('Lead' or 'Leads')". (*See* Exhibit 2 at 1). Media Force, as the

"Affiliate", agreed to – and did – "direct consumers to Precise'[s] network of websites or telephone numbers, sell Leads that have been generated via websites owned, operated and controlled by Affiliate via, inter alia, Affiliate's marketing efforts and/or via sub-affiliates of Affiliate, and Precise [ ] agrees to purchase qualifying Leads." (*See id*.)

In exchange, Precise agreed to "pay for each valid Lead or other transaction as per the terms set forth herein and the relevant insertions order(s) (the 'Insertion Order(s)')." (*See id.*)

"Precise['s] obligation to pay such a fee or fees is/are entirely and expressly conditioned upon acceptance of such Leads, which acceptance or non-acceptance shall be determined by meeting the requirements as listed in the Agreement." (*See id.*)

The Agreement requires that Media Force "notify Precise of any disputed payment, in writing, within five (5) business days of receiving any and all payments. Affiliate's failure to timely dispute a payment shall be considered an irrevocable waiver to object to such payment and Precise' calculation of the amount payable to Affiliate." (*See id.*)

There was no dispute as to Media Force's performance of the Agreement, or Precise's obligation – and failure – to pay. Nor did Precise seek to terminate the Agreement or indicate in any fashion that Media Force's performance was unacceptable. Even Precise's top management acknowledged in writing that they owed Media Force payment on outstanding invoices. Although Media Force attempted to work out a modified payment schedule before taking legal action, Precise stopped responding, and never appeared in the arbitration process.

## III. ARGUMENT

The Court has authority to confirm the Award, which reflects a final adjudication on the merits. The Court should confirm the Award because Media Force moved within one year of the Award to confirm, and respondent has not moved to modify, vacate, or correct the Award.

A. <u>The Award Must be Confirmed Because it is Supported by a Colorable Basis</u>

The Court must confirm the Award because it was supported by at least a "colorable basis" and Precise has raised not objections to the Award. *See LGC Holdings, Inc. v. Julius Klein Diamonds, LLC*, 238 F. Supp. 3d 452, 472 (S.D.N.Y. Feb. 28, 2017) (confirming arbitration award). "The confirmation of an arbitration award is a summary proceeding that converts a final arbitration award into a judgment of the court. Arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *See Ono Pharm. Co. v. Cortech, Inc.*, 2003 U.S. Dist. LEXIS 19556, at *6 (S.D.N.Y. Nov. 3, 2003) (internal citations omitted) (confirming arbitration award). "Significantly, [a]rbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *LGC Holdings*, 238 F. Supp. 3d at 466 (internal citation and quotations omitted). This deference is particularly strong for arbitrators' contract interpretation. Indeed, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, a court's conviction that the arbitrator has committed serious error in resolving the disputed issue does not suffice to overturn his decision." *ReliaStar Life Ins. Co. of N.Y. v. EMC Nat. Life Co.*, 564 F.3d 81, 86 (2d Cir. 2009) (internal quotation marks omitted).

Here, Media Force timely moved to confirm the award and enter judgment based on the arbitrator's Award, which was supported by more than a colorable basis. Even though Precise did not appear at any point of the arbitral process, all parties and the tribunal attempted to contact Precise multiple times and served all documents on Precise. Media Force presented the arbitrator with full briefing, including supplemental exhibits showing the Agreement and documents to support its contract claims. Thus, there is far more than the "'barely colorable justification for the

4

outcome reached' by the arbitrators [which] is necessary to confirm the award." *1199SEIU United Healthcare Workers East v. South Bronx Mental Health Council, Inc.*, 2014 U.S. Dist. LEXIS 29279, at *15 (S.D.N.Y. Feb. 14, 2014) (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Employees Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)). For example, in *1199SEIU*, the court confirmed an arbitrator's award when the evidence petitioner submitted to the arbitrator "provide[d] more than a colorable basis for the Arbitrator's awards" and there was "no evidence that the Arbitrator's decision was arbitrary, exceeded his authority, was procured by fraud, or was otherwise contrary to law." *Id*. at *21. Even though the respondent there "failed to appear, [or] challenge[] the Arbitrator's decision in any way", the court there could confirm the award based on the sufficiency of evidence supporting the arbitrator's decision. Similarly, here, the Award identified the arbitrator's rationale, clearly supported by the unrebutted facts and legal arguments Media Force presented. And, there is no indication that the arbitrator acted arbitrarily or exceeded his authority, particularly given his credentials and many months spent receiving and deliberating over the evidence.

B. The Court Should Award Pre-Judgment Interest on the Award

The trial court has discretion to award pre-judgment interest and "there is a general 'presumption in favor of prejudgment interest.'" *See 1199SEIU*, 2014 U.S. Dist. LEXIS 29279 at *22 (quoting *Waterside Ocean Navigation Co. v. Int'l Navigation, Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984)). And, the Court should award this interest at the "common [rate] among courts within the Second Circuit […] of nine percent per annum – which is the rate of prejudgment interest under New York State law, N.Y. C.P.L.R. §§ 5001-5004 – from the time of the award to the date of the judgment confirming the award." *Id.* (internal citation and quotation marks omitted).

5

## IV.  CONCLUSION

For the foregoing reasons, Media Force respectfully requests the Court grant its petition for an order and judgment pursuant to Section 9 of the FAA, confirming the Award entered in favor of Media Force in the amount of $352,495.38.

Dated: May 26, 2020

*/s/ Guy Yonay*
Guy Yonay (GY-3028)
Sarah Benowich (SB-1991)
PEARL COHEN
  ZEDEK LATZER BARATZ LLP
1500 Broadway, 12th Floor
New York, NY 10036
Tel.: (646) 878-0800
GYonay@PearlCohen.com
SBenowich@PearlCohen.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system on May 26, 2020.

*/s/ Guy Yonay*
Guy Yonay (GY-3028)
Sarah Benowich (SB-1991)
PEARL COHEN
  ZEDEK LATZER BARATZ LLP
1500 Broadway, 12th Floor
New York, NY 10036
Tel.: (646) 878-0800
GYonay@PearlCohen.com
SBenowich@PearlCohen.com
