UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEDIA FORCE LTD.,

                    Petitioner,

-against-

PRECISE LEADS, INC.,

                    Respondent.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/2020
```

20 Civ. 4050 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Petitioner, Media Force Ltd. ("Media Force"), brings this petition pursuant to § 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, to confirm an arbitration award (the "Award") against Respondent, Precise Leads, Inc. ("Precise Leads"). Petition ("Pet."), ECF No. 5; Pet. Mem. at 1, ECF No. 13. In addition, Petitioner seeks prejudgment interest at the New York statutory rate of nine percent, post-judgment interest, and reasonable attorneys' fees and costs associated with the instant action and enforcement of the judgment. Pet. at 7; Pet. Mem. at 15. Respondent has not appeared in this lawsuit to oppose the petition. For the reasons stated below, the petition and request for prejudgment and post-judgment interest is GRANTED, but the request for attorneys' fees and costs is DENIED.

## BACKGROUND

    Media Force entered into an agreement with Precise Leads (the "Agreement") to enhance its marketing efforts. Agreement at 1, ECF No. 13-2; 56.1 Stmt. ¶¶ 3–4, ECF No. 14. The Agreement provided for "binding arbitration before the American Arbitration Association" to resolve "all disputes

regarding this [A]greement." Agreement at 7.  Thereafter, a dispute arose between the parties.  56.1 Stmt. ¶¶ 15–36.

On July 9, 2019, Media Force initiated arbitration against Precise Leads for breach of the Agreement and unjust enrichment, alleging that Precise Leads failed to pay for services rendered.  ECF No. 13-15 at 2; 56.1 Stmt. ¶ 37; Final Award at 1, ECF No. 13-18.  Precise Leads did not appear at the arbitration.  56.1 Stmt. ¶ 38.  The arbitrator, William H. Cosby, issued the Award, finding that Precise Leads violated the Agreement by failing to make the required payments.  Final Award at 1–2.  He ordered Precise Leads to pay Media Force: (1) $332,418.42 in outstanding invoices; (2) $13,904.46 in reasonable attorneys' fees and costs; and (3) $6,172.50 in administrative fees and expenses incurred in conducting the arbitration.  *Id.* at 1–2.  In addition, the arbitrator awarded Media Force nine percent interest on the $332,418.42, starting 31 days from the date of the Award until the date Precise Leads satisfied it.  *Id.* at 1.

## DISCUSSION

I. Legal Standard

Arbitration awards are not self-enforcing; rather, they must "be given force and effect by being converted to judicial orders."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006).  The FAA provides that any party in an arbitration proceeding can apply for a judicial decree confirming the award, and a court must grant the award unless it has been vacated, modified, or corrected as prescribed by §§ 10 and 11 of the FAA.  9 U.S.C. § 9.

Section 10 lists grounds for vacating an award, including where the award was procured by "corruption, fraud, or undue means," and where the arbitrators were "guilty of misconduct," or "exceeded their powers."  9 U.S.C. § 10.  Under § 11, the grounds for modifying or correcting an award include "evident material miscalculation," "evident material mistake," and "imperfect[ions] in

[a] matter of form not affecting the merits." *Finkel v. Pomalee Elec. Co.*, No. 16 Civ. 4200, 2018 WL 1320689, at *6 (E.D.N.Y. Feb. 22, 2018) (alterations in original and citation omitted).

District courts have a "narrowly limited" role when reviewing arbitration awards. *Kobel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013). The FAA promotes great deference to arbitration panel determinations in order to achieve the goals of settling disputes efficiently and avoiding long and costly litigation. *Id.* Thus, "there is no general requirement that arbitrators explain the reasons for their award, and . . . an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992) (internal quotation marks and citations omitted).

"[A] district court should treat an unanswered . . . petition to confirm/vacate [an arbitration award] as an unopposed motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 110. Summary judgment is appropriate when the record shows that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court must consider all evidence in the light most favorable to the non-moving party, *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). Although Precise Leads has not appeared in this action, the Court must still "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted).

II.    <u>Analysis</u>

Petitioner argues that it is entitled to confirmation of the Award, and prejudgment and post-judgment interest on the Award. Pet. Mem. at 1. The Court agrees. The Court does not find, however, that an award of reasonable attorneys' fees and costs is proper.

A.  Confirmation of the Award

Petitioner has carried its burden to demonstrate that there is no genuine dispute of material fact with respect to confirmation of the Award. It is uncontested that the disagreement was subject to arbitration. 56.1 Stmt. ¶ 12. Petitioner has established at least a "barely colorable justification," *Landy Michaels Realty Corp.*, 954 F.2d at 797, for the Award based on undisputed facts concerning the actions of Precise Leads. *See* 56.1 Stmt. ¶¶ 15–36. And after reviewing evidence, the arbitrator issued the Award. *See* Final Award at 1. Accordingly, the Award is CONFIRMED.

B.  Prejudgment and Post-Judgment Interest

In addition, Petitioner requests prejudgment interest accruing from May 6, 2020, at a rate of nine percent on all parts of the Award. Pet. Mem. at 15. Petitioner also requests post-judgment interest. Pet. at 7; 56.1 Stmt. ¶ 44.

There is a "presumption in favor of prejudgment interest." *N.Y.C. Dist. Council of Carpenters v. Gen-Cap Indus., Inc.*, No. 11 Civ. 8425, 2012 WL 2958265, at *4 (S.D.N.Y. July 20, 2012) (internal quotation marks omitted). Courts in this Circuit routinely "grant interest at a rate of nine percent per annum—which is the rate of prejudgment interest under New York State law, N.Y. C.P.L.R. §§ 5001–5004—from the time of the award to the date of judgment confirming the award." *Id*. The Court agrees that Media Force is entitled to prejudgment interest accruing from May 6, 2020, the date of the Award. Pet. ¶¶ 34–35; *Serv. Emps. Int'l Union Local 32BJ v. Laro Serv. Sys., Inc.*, No. 9 Civ. 9089, 2010 WL 2473592, at *3 (S.D.N.Y. May 28, 2010) (granting "prejudgment interest at a rate of 9% from the date of [the] arbitration award"); *Serv. Emps. Int'l Union, Local 32BJ v. Stone*

4

*Park Assocs.*, 326 F. Supp. 2d 550, 556 (S.D.N.Y. 2004) (granting "prejudgment interest at a rate of 9% per annum on the amounts due from the date of the award to the judgment").  Accordingly, Media Force's request for prejudgment interest from May 6, 2020, to the date of judgment is GRANTED.

"The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered."  *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996).  Post-judgment interest is governed by the statutory rate in 28 U.S.C. § 1961, which states:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . .  Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment.

28 U.S.C. § 1961(a) (footnote omitted).

Because the Court's confirmation of the Award is a money judgment in a civil case, Media Force's request for post-judgment interest at the statutory rate is GRANTED.

    C.  Attorneys' Fees and Costs

Media Force has not persuaded the Court that it is entitled to attorneys' fees and costs incurred in pursuing this action.  Pet. at 7.  Courts in this circuit have held that, "when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may be awarded."  *New York Hotel & Motel Trades Council v. CF 43 Hotel, LLC*, No. 16 Civ. 5997, 2017 WL 2984168, at *4 (S.D.N.Y. June 14, 2017).  In order to support a request for attorneys' fees, however, petitioners must submit "contemporaneous time records [that] specify, for each attorney, the date, the hours expended, and the nature of the work done."  *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).  Moreover, "the party seeking fees bears the burden of demonstrating that its requested fees are reasonable."  *Rong De Inv. Ltd. v. GFS Inves., Inc.*, No. 17 Civ. 5941, 2019 WL 5682894, at *1 (S.D.N.Y. Nov. 1, 2019) (internal quotation marks omitted).  Here, Media Force has not met this burden.  Media Force has not specified the amount sought.  Nor has it provided the Court

5

with the requisite documentation to support such a finding.  Accordingly, the request for attorneys' fees and costs is DENIED.

## CONCLUSION

For the reasons stated above, the petition to confirm the Award is GRANTED.  Petitioner Media Force's request for reasonable attorneys' fees and costs is DENIED.  The Clerk of Court is directed to enter judgment against Respondent, Precise Leads, Inc., in the amount of (1) $332,418.42 in unpaid invoices; (2) $13,904.46 in reasonable attorneys' fees and costs incurred in connection with the arbitration; (3) $6,172.50 in administrative fees and expenses incurred in connection with the arbitration; (4) prejudgment interest at a rate of nine percent from May 6, 2020 to the date of judgment; and (5) post-judgment interest at the statutory rate.

The Clerk of Court is further directed to close the case.

SO ORDERED.

Dated: November 30, 2020
       New York, New York

                                                ANALISA TORRES
                                          United States District Judge